## Case No. 8,014.

### LAMB v. DAMRON.

[7 N. B. R. 509; [1] 5 Chi. Leg. News, 290.]

District Court, D. Minnesota. Feb. 19, 1873.

BANKRUPTCY—SUIT BY ASSIGNEE—POWERS UNDER BANKRUPT ACT—SUIT IN ANOTHER DISTRICT.

1. The bankrupt act must confer jurisdiction (if it exists at all) on courts other than the bankruptcy court in which proceedings are pending, for there is no other act of congress that would sustain it.

2. Although section 1 would appear broad enough in its declaration of jurisdiction to confer the extensive power claimed, yet when the third clause of section 2 is examined it would appear that the concurrent jurisdiction in regard to suits touching adverse rights mentioned therein can be more consistently explained if it is assumed that section 1 intended to constitute the district courts of the United States as courts of bankruptcy, with jurisdiction restricted, in any proceeding, to the district where the adjudication of bankruptcy was ordered and the proceedings in bankruptcy are pending.

3. A United States district court of a district other than that in which bankruptcy proceedings are pending has not jurisdiction under which an assignee can commence an action for the recovery of assets, and such a suit will be dismissed for want of jurisdiction.

The complaint in this action alleges that the plaintiff [Wilmer S. Lamb] is a citizen of the state of Illinois; that he is assignee in bankruptcy of the "Winneshiek Insurance Company," a corporation of the state of Illinois, which has been duly adjudged a bankrupt by the district court of the United States, for the Northern district of Illinois; that the defendant [N. F. Damron] gave to the said corporation his promissory note for a sum specified therein, and that such note has been due and payable and remains unpaid. Damages to the amount of five hundred dollars are claimed. A motion to dismiss the action for want of jurisdiction is made.

Davis & O'Brien, for plaintiff.
Gilman, Clough & Wilde, for defendant.

[1] [Reprinted from 7 N. B. R. 509, by permission.]

NELSON, District Judge. Express authority is given, by the fourteenth section of the bankrupt act [of 1867 (14 Stat. 522)], to the assignee in bankruptcy, to sue for debts, transferred to him by operation of law, as soon as the proper assignment is executed; and by section 16 he is authorized to employ the remedies for that purpose which the debtor might have had, if the adjudication of bankruptcy had not been made. The first section constitutes the several district courts of the United States, courts of bankruptcy, and enacts: "That they shall have original jurisdiction in their respective districts, in all matters and proceedings in bankruptcy; and they are hereby authorized to hear and adjudicate upon the same, according to the provisions of this act. * * * And the jurisdiction hereby conferred shall extend to all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy; to the collection of the assets of the bankrupt; to the ascertainment and liquidation of the liens and other specific claims thereon; to the adjustment of the various priorities and conflicting interests of all parties; and to the marshaling and disposition of the different funds and assets so as to secure the rights of all parties and due distribution of the assets among all the creditors; and to all matters and things to be done under and in virtue of the bankruptcy, until the final distribution and settlement of the estate of the bankrupt, and the close of the proceedings in bankruptcy," etc. This section, when considered in connection with sections 14 and 16, would seem to authorize fully this action in a district court of the United States.

The only question presented by the motion to dismiss is: Can this jurisdiction be exercised by any district court, except that wherein the bankruptcy proceedings are pending? It is admitted that the bankrupt act must confer this jurisdiction, if it exists at all; for there is no other act of congress that would sustain it. The third clause of the second section gives the circuit and district courts of the districts wherein the bankruptcy proceedings are pending, concurrent jurisdiction to entertain "suits at law or in equity which may or shall be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property or rights of property of said bankrupt transferable to or vested in such assignee." To entertain an action for the recovery of a debt of the character sued for here, is certainly not conferred upon this district court by this section, and if the suit can be maintained, it must be under the general jurisdiction granted by the first section.

The question raised is not a new one, but there is not entire uniformity in the decisions upon it. So far as this district is concerned, the case of Markson v. Heaney [Case No. 9,-098], if I understand correctly the opinion expressed by the circuit judge, settles the jurisdictional question in favor of the defendant. It would be manifestly wrong for me, therefore, to compel him to take a writ of error in order to obtain the benefit of that decision, in case that I did not agree to it; but the views expressed therein meet with my approval. In order to give a uniform and harmonious interpretation to the bankrupt act, all the provisions contained therein must be considered in connection with each other, and the construction of any particular section determined with reference to all of the other sections. A fair and just exposition of the same can be made in no other way. Although section 1 would appear broad enough in its declaration of jurisdiction to confer the extensive power claimed, and support the views of the plaintiff's counsel in this case, yet when the third clause of section 2, is examined, it would appear that the concurrent jurisdiction in regard to suits touching adverse rights, mentioned therein, can be more consistently explained, if it is assumed that section 1 intended to constitute the district courts of the United States as courts of bankruptcy, with jurisdiction restricted, in any proceeding, to the district where the adjudication of bankruptcy was ordered and the proceedings in bankruptcy are pending.

It is not reasonable, in my opinion, to suppose that the settlement of the adverse interests named in section 2 were to be limited to the district where the bankruptcy proceedings are pending, and the assignee be permitted to enforce all the other rights and interests vested in him by section 14, in any district court of the United States. I am aware that the judge of the Western district of Wisconsin, in a very elaborate opinion—Goodall v. Tuttle [Case No. 5,533]—has arrived at a different conclusion and sustained the jurisdiction in a case like this; but the weight of authority is the other way. In re Richardson [Id. 11,774]; Shearman v. Bingham [Id. 12,733]; Jobbins v. Montague [Id. 7,330]; Markson v. Heaney, above cited. I would add that general order 16 indicates that the justices of the supreme court of the United States so interpreted the bankrupt act, viz: "In case two or more petitions shall be filed against the same individual in different districts, the first hearing shall be had in the district in which the debtor has his domicile; * * * * * * and the court which makes the first adjudication of bankruptcy shall retain jurisdiction over all proceedings therein until the same shall be closed," etc. The answer to this suggestion would be that the collection of assets by a suit is not a proceeding in bankruptcy. I cannot agree to that; for it appears to me to be strictly such a proceeding, and is enumerated in section one. The suit will be dismissed for want of jurisdiction, without costs.